## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WILBURN EDWARDS,** | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action Number:** |
| **vs.** | : |
| | : |
| **TAVERNA PLAKA RESTAURANT,** | : |
| **INC., GREEK KITCHENS OF** | : |
| **ATLANTA, LLC, STYLIANOS** | : |
| **KYRIACOU and NABIL A. SALEH,** | : |
| | : |
| **Defendants.** | |

## COMPLAINT

Plaintiff Wilburn Edwards ("Mr. Edwards"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Taverna Plaka Restaurant, Inc. ("Taverna Plaka"), Greek Kitchens of Atlanta, LLC ("Greek Kitchens"), Stylianos Kyriacou ("Mr. Kyriacou"), and Nabil A. Saleh ("Mr. Saleh") and shows the Court as follows:

## INTRODUCTION

### 1.

Mr. Edwards brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq.*), (hereinafter "the FLSA") to (1) recover due but unpaid minimum wages and an additional like amount as liquidated damages; (2) recover due but unpaid overtime compensation and an additional like amount as liquidated

- 1 -

damages; (3) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims.  These are (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, and (4) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Mr. Edwards' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Mr. Edwards resides in Fulton County, Georgia.

7.

Greek Kitchens employed Mr. Edwards as a dishwasher in Atlanta, Georgia from on or about March 1, 2010 through on or about December 1, 2013.

8.

Taverna Plaka employed Mr. Edwards as a dishwasher in Atlanta, Georgia from on or about December 1, 2013 through the date of filing of this action.

9.

From March 2011 through on or about December 1, 2013, Mr. Edwards has been an "employee" of Greek Kitchens as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

10.

From December 1, 2013 through the date of initiation of this action, Mr. Edwards has been an "employee" of Taverna Plaka as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

From on or about March 2011 through on or about December 1, 2013, Mr. Edwards has been "engaged in commerce" as an employee of Greek Kitchens as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

From December 1, 2013 through the date of initiation of this action, Mr. Edwards has been "engaged in commerce" as an employee of Taverna Plaka as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

Taverna Plaka is a corporation organized under the laws of the State of Georgia.

14.

The Secretary of State for the State of Georgia issued Taverna Plaka its Certificate of Incorporation on November 27, 2013.

15.

Taverna Plaka operates a restaurant known as Taverna Plaka at 2196 Cheshire Bridge Road, Atlanta, Georgia (hereafter "the Restaurant").

16.

Immediately prior to Taverna Plaka's operation of the Restaurant, Greek Kitchens operated the Restaurant.

17.

Greek Kitchens is a limited liability company organized under the laws of the State of Georgia.

18.

The Secretary of State for the State of Georgia issued Greek Kitchen its Certificate of Organization on November 24, 2008.

19.

Greek Kitchens continuously operated the Restaurant in 2011.

20.

Greek Kitchens continuously operated the Restaurant in 2012.

21.

Greek Kitchens continuously operated the Restaurant in 2013.

22.

Taverna Plaka took over the operation of the restaurant from Greek Kitchens on or about December 1, 2013.

23.

Taverna Plaka operated the Restaurant continuously from on or about December 1, 2013 through the date of filing of this action.

24.

There exists a substantial continuity of the business operations of the Restaurant, despite the change in control from Greek Kitchens to Taverna Plaka.

25.

Taverna Plaka continues to provide the same services as were provided by Greek Kitchens at the Restaurant.

26.

Tavern Plaka operates the Restaurant under the same trade name, i.e., "Taverna Plaka", as did Greek Kitchens.

27.

Taverna Plaka continues to utilize the same equipment and supplies in the furtherance of its commercial business as were utilized by Greek Kitchens.

28.

Taverna Plaka continues to employ substantially the same employees as were employed by Greek Kitchens at the Restaurant.

29.

Prior to assuming control of the Restaurant, Taverna Plaka was aware or should have been aware of Greek Kitchen's practices regarding the payment of wages to Mr. Edwards.

30.

Prior to assuming control of the Restaurant, Taverna Plaka was aware or should have been aware of potential liability for due but unpaid wages to Mr. Edwards.

31.

Taverna Plaka is a successor in interest to Greek Kitchens for all purposes under the FLSA.

32.

Prior to the change of control of the Restaurant from Greek Kitchens to Taverna Plaka, Greek Kitchens was an "employer" of Mr. Edwards as defined in FLSA § 3(d), 29 U.S.C. §203(d).

33.

Since assuming control of the Restaurant, Taverna Plaka has been an "employer" of Mr. Edwards as defined in FLSA § 3(d), 29 U.S.C. §203(d).

34.

From on or about November 2008 and through the date of filing of this action, Greek Kitchens has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

35.

During 2011, Greek Kitchens had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

36.

During 2012, Greek Kitchens had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

37.

During 2013, Greek Kitchens had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

38.

From on or about November 2013, until the present date, Taverna Plaka has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

39.

During 2013, Taverna Plaka had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

40.

During 2014, Taverna Plaka had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

41.

During 2011, Greek Kitchens had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

42.

During 2012, Greek Kitchens had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

43.

During 2013, Greek Kitchens had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

44.

During 2013, Taverna Plaka had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

45.

During 2014, Taverna Plaka had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2011, Greek Kitchens had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

47.

During 2012, Greek Kitchens had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

48.

During 2013, Greek Kitchens had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

49.

During 2014, Taverna Plaka anticipates an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

50.

Since December 1, 2013, Taverna Plaka has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

51.

Taverna Plaka is subject to the personal jurisdiction of this Court.

52.

Taverna Plaka may be served with process through its registered agent Stylianos Kyriacou at 1045 Terramont Drive, Roswell, Georgia 30076.

53.

From on or about March 2011 through the date of filing of this action, Mr. Edwards has been "engaged in commerce" as an employee of Greek Kitchens as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

54.

Greek Kitchens is subject to the personal jurisdiction of this Court.

55.

Greek Kitchens may be served with process through its registered agent Bill Saleh at 105 Hopewell Grove Drive, Milton, Georgia 30004.

56.

Mr. Kyriacou resides within Fulton County, Georgia.

57.

At all times material hereto, Mr. Kyriacou exercised operational control over the work activities of Mr. Edwards.

58.

At all times material hereto, Mr. Kyriacou was involved in the day to day operation of the restaurant in which Mr. Edwards worked.

59.

At all times material hereto, Taverna Plaka vested Mr. Kyriacou with supervisory authority over Mr. Edwards.

60.

At all times material hereto, Greek Kitchens vested Mr. Kyriacou with supervisory authority over Mr. Edwards.

61.

At all times material hereto, Mr. Kyriacou exercised supervisory authority over Mr. Edwards.

62.

At all times material hereto, Mr. Kyriacou scheduled Mr. Edwards' working hours or supervised the scheduling of Mr. Edwards' working hours.

63.

At all times material hereto, Mr. Kyriacou exercised authority and supervision over Mr. Edwards' compensation.

64.

At all times material hereto, Mr. Kyriacou has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

65.

Mr. Kyriacou is subject to the personal jurisdiction of this Court.

66.

Mr. Kyriacou may be served with process at 1045 Terramont Drive, Roswell, Georgia 30076.

67.

Mr. Saleh resides within Fulton County, Georgia.

68.

At all times material hereto, Mr. Saleh exercised operational control over the work activities of Mr. Edwards.

69.

At all times material hereto, Mr. Saleh was involved in the day to day operation of the restaurant in which Mr. Edwards worked.

70.

At all times material hereto, Greek Kitchens vested Mr. Saleh with supervisory authority over Mr. Edwards.

71.

At all times material hereto, Mr. Saleh exercised supervisory authority over Mr. Edwards.

72.

At all times material hereto, Mr. Saleh scheduled Mr. Edwards' working hours or supervised the scheduling of Mr. Edwards' working hours.

73.

At all times material hereto, Mr. Saleh exercised authority and supervision over Mr. Edwards' compensation.

74.

At all times material hereto, Mr. Saleh has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

75.

Mr. Saleh is subject to the personal jurisdiction of this Court.

76.

Saleh may be served with process at 105 Hopewell Grove Drive, Alpharetta, Georgia 30004.

77.

At all times material hereto, Mr. Edwards was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

78.

At all times material hereto, Defendants did not employ Mr. Edwards in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

79.

At all times material hereto, Defendants did not employ Mr. Edwards in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

80.

At all times material hereto, Defendants did not employ Mr. Edwards in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

81.

At all times material hereto, Defendants did not employ Mr. Edwards in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

82.

At all times material hereto, Mr. Edwards was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

83.

In every work week in the three years preceding the initiation of this action, Defendants failed to pay Mr. Edwards for all hours that he worked.

84.

In every work week in the three years preceding the initiation of this action, Defendants falsified their records of Mr. Edwards work time.

## COUNT I — FAILURE TO PAY MINIMUM WAGE
## AS TO ALL DEFENDANTS

85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in herein.

86.

At all times material hereto, Mr. Edwards has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

87.

From on or about March 2011 through the present date, Defendants failed to compensate Mr. Edwards at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

88.

From on or about March 2011 through the present date, Defendants willfully failed to compensate Mr. Edwards at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

89.

Mr. Edwards is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of minimum wages as alleged above, Mr. Edwards is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of minimum wages, Defendants are liable to Mr. Edwards for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME
## AS TO ALL DEFENDANTS

92.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

93.

At all times material hereto, Mr. Edwards has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

94.

During his employment with Defendants, Mr. Edwards regularly worked in excess of forty (40) hours each week.

95.

Defendants failed to pay Mr. Edwards at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2011 through the present date.

96.

Defendants willfully failed to pay Mr. Edwards at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2011 through the present date.

97.

Mr. Edwards is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

98.

As a result of the underpayment of overtime compensation as alleged above, Mr. Edwards is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

99.

As a result of the underpayment of overtime compensation as alleged above, Mr. Edwards is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT
## AS TO GREEK KITCHENS

100.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

101.

Mr. Edwards and Greek Kitchens were parties to an oral contract of employment (hereafter "the Contract") from on or about March 2011 through December 1, 2013.

102.

The Contract provided that Greek Kitchens would pay Mr. Edwards for work that was performed by Mr. Edwards on behalf of and for the benefit of Defendants at an agreed upon hourly wage.

103.

In every week from March 2011 through December 1, 2013, Greek Kitchens failed to pay Mr. Edwards the agreed upon hourly wage for all hours worked.

104.

Greek Kitchens' failure to pay Mr. Edwards for all hours worked from on or about March 2011 through December 1, 2013 constitutes a material breach of the Contract.

105.

As the direct and foreseeable result of this breach, Mr. Edwards has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – BREACH OF CONTRACT
## AS TO TAVERNA PLAKA

### 106.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 107.

Mr. Edwards and Taverna Plaka were parties to an oral contract of employment (hereafter "the Contract") from on or about December 1, 2013 through the date of filing of this action.

### 108.

The Contract provided that Taverna Plaka would pay Mr. Edwards for work that was performed by Mr. Edwards on behalf of and for the benefit of Defendants at an agreed upon hourly wage.

### 109.

In every week from December 1, 2013 through the initiation of this action, Taverna Plaka failed to pay Mr. Edwards the agreed upon hourly wage for all hours worked.

110.

Taverna Plaka's failure to pay Mr. Edwards for all hours worked from on or about December 1, 2013 through the initiation of this action constitutes a material breach of the Contract.

111.

As the direct and foreseeable result of this breach, Mr. Edwards has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT V – QUANTUM MERUIT
## AS TO GREEK KITCHENS

112.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

113.

From on or about March 2011 through December 1, 2013, Mr. Edwards served as a dishwasher for Greek Kitchen.

114.

Mr. Edwards' service as a dishwasher for Greek Kitchens as described above was valuable to Defendant.

115.

Greek Kitchens requested Mr. Edwards' service as a dishwasher.

116.

Greek Kitchens knowingly accepted Mr. Edwards' service as a dishwasher.

117.

The receipt of Mr. Edwards' services as a dishwasher for Greek Kitchens without compensation would be unjust.

118.

Mr. Edwards expected to be compensated at the time he provided his services as a dishwasher.

119.

Mr. Edwards is entitled to a recover from Greek Kitchens the reasonable value of the services he provided as a dishwasher for Defendants, in an amount to be determined at trial.

## COUNT VI – QUANTUM MERUIT
## AS TO TAVERNA PLAKA

120.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

121.

From on or about December 1, 2013 through the initiation of this action, Mr. Edwards served as a dishwasher for Taverna Plaka.

122.

Mr. Edwards' service as a dishwasher for Taverna Plaka as described above was valuable to Defendant.

123.

Taverna Plaka requested Mr. Edwards' service as a dishwasher.

124.

Taverna Plaka knowingly accepted Mr. Edwards' service as a dishwasher.

125.

The receipt of Mr. Edwards' services as a dishwasher for Taverna Plaka without compensation would be unjust.

126.

Mr. Edwards expected to be compensated at the time he provided his services as a dishwasher.

127.

Mr. Edwards is entitled to a recover from Taverna Plaka the reasonable value of the services he provided as a dishwasher for Defendants, in an amount to be determined at trial.

## COUNT VII – UNJUST ENRICHMENT
## AS TO GREEK KITCHENS AND TAVERNA PLAKA

128.

The allegations contained in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

129.

During his employment, Mr. Edwards provided services to Taverna Plaka and Greek Kitchens for which he was not compensated.

130.

Taverna Plaka and Greek Kitchens knowingly accepted Mr. Edwards' services without compensating Mr. Edwards.

131.

Taverna Plaka and Greek Kitchens have been unjustly enriched by the value of Mr. Edwards' uncompensated services and is liable to Mr. Edwards for same.

## COUNT VIII - PROMISSORY ESTOPPEL
## AS TO GREEK KITCHENS

132.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

133.

On or about March 2010, Greek Kitchens promised to pay Mr. Edwards in return for Mr. Edwards' service as a dishwasher for it.

134.

Greek Kitchens should have reasonably expected that Mr. Edwards would induce action in reliance of said promise, i.e., serve as a dishwasher for Defendants.

135.

Greek Kitchens promise induced Mr. Edwards to act in reliance thereof, i.e., to serve as a dishwasher for Defendants, to his detriment.

136.

Mr. Edwards' service as a dishwasher for Greek Kitchens conferred a benefit on Greek Kitchens.

137.

Greek Kitchens failed to pay Mr. Edwards in accordance with their promise.

138.

Mr. Edwards relied on Greek Kitchens' promise.

139.

Mr. Edwards' reliance on Greek Kitchens' promise was reasonable.

140.

Injustice can only be avoided by enforcement of Greek Kitchens' promise.

141.

Mr. Edwards is entitled to a recover from Greek Kitchens the reasonable value of the services he provided as a dishwasher for Greek Kitchens, in an amount to be determined at trial.

## COUNT IX - PROMISSORY ESTOPPEL
## AS TO TAVERAN PLAKA

142.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

143.

On or about December 1, 2013, Taverna Plaka promised to pay Mr. Edwards in return for Mr. Edwards' service as a dishwasher for it.

144.

Taverna Plaka should have reasonably expected that Mr. Edwards would induce action in reliance of said promise, i.e., serve as a dishwasher for Defendants.

145.

Taverna Plaka promise induced Mr. Edwards to act in reliance thereof, i.e., to serve as a dishwasher for Taverna Plaka, to his detriment.

146.

Mr. Edwards' service as a dishwasher for Taverna Plaka conferred a benefit on Taverna Plaka.

147.

Taverna Plaka failed to pay Mr. Edwards in accordance with their promise.

148.

Mr. Edwards relied on Taverna Plaka's promise.

149.

Mr. Edwards' reliance on Taverna Plaka's promise was reasonable.

150.

Injustice can only be avoided by enforcement of Taverna Plaka's promise.

151.

Mr. Edwards is entitled to a recover from Taverna Plaka the reasonable value of the services he provided as a dishwasher for Taverna Plaka, in an amount to be determined at trial.

WHEREFORE, Mr. Edwards respectfully prays:

1.      That Mr. Edwards be awarded an amount to be determined at trial against Defendants jointly and severally in unpaid minimum wage from on or about March 4, 2011 through the date of initiation of this action due under the FLSA, plus an additional like amount in liquidated damages;

2.      That Mr. Edwards be awarded an amount to be determined at trial against Defendants jointly and severally in unpaid overtime compensation from on or about March 4, 2011 through the date of initiation of this action due under the FLSA, plus an additional like amount in liquidated damages;

3.      That Mr. Edwards have and recover judgment against Greek Kitchens and Taverna Plaka for the pendent state law claims herein asserted in amounts to be proved at trial;

4.      That Mr. Edwards be awarded costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF