# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between the following Parties: Wilburn Edwards, (Plaintiff), Taverna Plaka Restaurant, Inc., Greek Kitchens of Atlanta, LLC, Stylianos Kyriacou and Nabil A. Saleh (Defendants) (collectively the "Parties"):

WHEREAS, Plaintiff and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Wilburn Edwards, Plaintiff, v. Taverna Plaka Restaurant, Inc., Greek Kitchens of Atlanta, LLC, Stylianos Kyriacou and Nabil A. Saleh, Defendants,* Civil Action No. 1:14-cv-00650-WSD (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by Plaintiff;

WHEREAS, pursuant to the Litigation, Plaintiff claims that the Defendants intentionally and willfully failed to pay him the required compensation under the Fair Labor Standards Act ("FLSA") and Defendants deny these allegations;

WHEREAS, Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by Plaintiff in the Litigation that arise out of or relate to compensation for any work performed by Plaintiff for Defendants;

WHEREAS, Plaintiff warrants and represents that he has not assigned any of the claims against Defendants that are released in this Agreement to any other person or entity and that no attorneys other than Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick, LLC have a claim for attorneys' fees and/or costs arising from Plaintiff' claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiff' disputed claims and allegations that were asserted or could have been asserted by Plaintiff in the Litigation arising out of or relating to compensation for any work performed by Plaintiff for Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of their officers, employees, and/or other agents acted contrary

to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.** In consideration of this Agreement and other good and sufficient consideration, including Plaintiff' agreement to dismiss with prejudice the Litigation, Defendants agree to pay a total sum of Seventeeb Thousand Dollars and No Cents ($17,000.00), payable as follows:

   a. The sum of Five Thousand Dollars and 00/100 cents ($5,000.00) payable to ***Wilburn Edwards*** in the form of a check for alleged unpaid wages from which all federal, state, and other applicable taxes and withholdings shall be subtracted and for which Plaintiff will receive a Form W-2, which was delivered to Plaintiff's counsel on May 15, 2014.

   b. Five Thousand Dollars and 00/100 cents ($5,000.00) payable to ***Wilburn Edwards*** in the form of a check for alleged liquidated damages (with no withholdings or deductions) for which a Form 1099 which indicates payment in "Box 3" as other income, which was delivered to Plaintiff' counsel on May 15, 2014.

   c. The sum of Seven Thousand Dollars and 00/100 cents ($7,000.00) to Kevin D. Fitzpatrick, Jr. (Plaintiff's counsel) for attorneys' fees and costs, by way of a check for which a Form 1099 shall issue to Plaintiff's counsel and Plaintiff, which was delivered to Plaintiff's counsel on May 15, 2014.

   d. Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Defendants' portion of FICA and other employer portion tax contributions associated with the

      payment designated as unpaid wages.  Plaintiff further agrees that he will indemnify and hold Defendants and their related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to his tax treatment of any amounts paid to him, except for any challenge associated with Defendants' responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

    e.    Plaintiff represent and warrant that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. and the firm of DeLong Caldwell Bridgers & Fitzpatrick, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Litigation are discharged.

    f.    The settlement checks described in paragraphs 1 a. through c. shall shall be held in trust by Plaintiff's counsel until such time as the Court approves this Settlement.  If the Court does not approve this settlement, counsel shall return the settlement checks to Defendants.

2. **Release & Waiver of All Claims.**  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, his heirs and assigns, fully and  absolutely **RELEASE AND FOREVER DISCHARGE** Defendants, and each of their present and former parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, partners, consultants, managers, and representatives (whether in their corporate or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related

to, or arise from the alleged failure by Defendants to properly compensate Plaintiff for all hours worked. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Defendants to compensate Plaintiff for all time worked.

3.  **Court Approval.**  All Parties agree that, upon execution of this Agreement, Plaintiff shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* All Parties agree that they will set the motion for hearing as soon as possible, if necessary. If the District Court does not approve this Agreement, it shall be void *ab initio*.

4.  **Dismissal of Action.**

    a.  Upon judicial approval of the Agreement, Plaintiff, through counsel of record, agrees to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within two (2) business days.

    b.  Plaintiff represents that as of the date Plaintiff signs this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation. Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiff may not waive a claim released by this Agreement, Plaintiff will not accept any money damages or other relief.

5. **Confidentiality.** The Parties agree that all matters relating to the settlement between the Parties set forth in this Settlement Agreement are strictly confidential. Without limiting the generality of the preceding sentence, the Parties agree (a) to use their best efforts to prevent disclosure of the terms of the Agreement; (b) to avoid direct or indirect references, whether by actions or words, to the terms of the Agreement; (c) not to initiate discussions, correspondence, or other communications, including by electronic means, regarding the terms of the Agreement; (d) to confine any remarks relating directly or indirectly to the terms of the Agreement to a statement to the effect that "the matters have been resolved to the mutual satisfaction of all interested parties;" and (e) not to show the Agreement to or discuss its contents with any individual, organization or entity of any kind other than the Parties' attorneys, current spouses, accountants, tax advisers and preparers, the Internal Revenue Service, the relevant State Department of Revenue, or such other individuals or entities as the Parties may otherwise be required by law to make such a disclosure. The Parties understand and acknowledge that the foregoing is a material term of the settlement embodied in the Agreement between the Parties.

6. **Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

7. **Entire Release.** Plaintiff affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he has been advised to and has consulted with his attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and he understands the meaning of the Agreement and its final and binding effect.

8. **Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any

breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1 or 2 are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

9. **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

10. **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. **Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

Each Party further warrants and represents as follows: **I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFF' WAIVER OF CLAIMS AGAINST TAVERNA PLAKA RESTAURANT, INC., GREEK KITCHENS OF ATLANTA, LLC, INC., STYLIANOS KYRIACOU AND NABIL A. SABEH, AND THE RELEASEES. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of seven (7) pages effective May 15, 2014.

**ACCEPTED AND AGREED BY WILBURN EDWARDS**

By: *(signature)*
Wilburn Edwards

Sworn and subscribed
before me this 15th day
of May 2014

*(signature)* Ida M. Allen
Notary Public

OFFICIAL SEAL
IDA M ALLEN
NOTARY PUBLIC - GEORGIA
FULTON COUNTY
My Comm. Expires August 07, 2016

My commission expires August 7, 2016

**SO AGREED AND APPROVED BY KEVIN D. FITZPATRICK, JR'**

*(signature)*
Kevin D. Fitzpatrick, Jr.
DeLong Caldwell Bridgers & Fitzpatrick, LLC

232     **ACCEPTED AND AGREED BY TAVERNA PLAKA RESTAURANT, INC.**

233

234     TAVERNA PLAKA RESTAURANT, INC.

235

236     By: _____
237     Stylianos Kyriacou, Its Principal

238     Sworn and subscribed
239     before me this 15th day
240     of May 2014
241

242     *Ida M Allen*
243     Notary Public
244
245     My commission expires *August 7, 2016*
246

247     **ACCEPTED AND AGREED BY GREEK KITCHENS OF ATLANTA, LLC**

248     By: _____
249     Stylianos Kyriacou, Its Principal

250
251
252     Sworn and subscribed
253     before me this 15TH day
254     of May 2014
255

256     *Ida M Allen*
257     Notary Public
258
259     My commission expires *August 7, 2016*

OFFICIAL SEAL
IDA M ALLEN
NOTARY PUBLIC - GEORGIA
FULTON COUNTY
My Comm. Expires August 07, 2016

```
260
261
262      ACCEPTED AND AGREED BY STYLIANOS KYRIACOU,
263
264      By: _____
265      Stylianos Kyriacou,
266
267
268      Sworn and subscribed
269      before me this 15^(TH) day
270      of May 2014
271
272      _Ida M. Allen_____
273      Notary Public
274
275      My commission expires  August 1, 2016
276
277
278                         EXHIBIT 1
```

Notary seal: OFFICIAL SEAL / IDA M ALLEN / NOTARY PUBLIC - GEORGIA / FULTON COUNTY / My Comm. Expires August 07, 2016

- 9 -

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILBURN EDWARDS, | : |
| Plaintiff, | : |
| vs. | : Civil Action Number: |
| | : 1:14-cv-00650-WSD |
| TAVERNA PLAKA RESTAURANT, INC., GREEK KITCHENS OF ATLANTA, LLC, STYLIANOS KYRIACOU and NABIL A. SALEH, | : |
| Defendants. | : |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Plaintiff, by and through their undersigned counsel of record, hereby stipulates and agrees to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted,

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(770) 979-3150
(770) 979-3170 (Fax)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILBURN EDWARDS, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : 1:14-cv-00650-WSD |
| TAVERNA PLAKA RESTAURANT, | : |
| INC., GREEK KITCHENS OF | : |
| ATLANTA, LLC, STYLIANOS | : |
| KYRIACOU and NABIL A. SALEH, | : |
| | : |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on            ,       2014, I electronically filed a true and correct copy of the parties' **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to all attorneys of record:

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia  30303
(770) 979-3150
(770) 979-3170 (Fax)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff